The opinion of the court was delivered by
Wheeler, J.
The proceedings of tax collector Coffrin had several fatal defects in them, and did not by their own force make any title in Samuel R. Hooper. The deed, which was a part of these proceedings, being upon record in the land records of Groton, would give character to such acts as Hooper, the grantee in it, and those claiming under him, did upon the land, and would have no further operation. Upon the undisputed facts in the case, the grantors of the defendants appear to have had as good title, apart from mere possession, as either the grantor of the orator’s intestate, or she herself had, and none of them appear to have ever been the true owners or ever to have had the true title. The orator does not claim that his intestate ever acquired the real title of the true owner, nor that she ever acquired any title according to the full meaning of that term, but that he has shown by his evidence that he is in possession, and that he has shown such further facts as to make it appear that by force of the statue of limitations of actions and rights of entry, no one, not even the true owner, can disturb him in his possession as administrator.
If the orator in fact has the possession, that fact rests wholly in parol evidence, and if he has the right to maintain his possession against all other persons, the facts upon which that right rests must be shown by like evidence. The deed to the defendants docs not obstruct the proof of any of these facts, nor in any manner hinder the just operation of them. Neither has this deed either any real or apparent force against the right which the orator rep *123 resents, unless it be in connection with facts that the defendants claim to establish, and which likewise rest wholly in parol evidence.
This deed has no connection with the orator, nor with any one with whom the orator is in privity on account of title, and it does not in fact, neither does it purport to, convey any title whatever to the defendants from either him or them. Neither has it any force, either real or apparent, from the maker of it that it ought not to have. If such facts exist as that the deed is of force to convey title to the defendants, they exist independently of the rights of the orator, and the operation of the deed cannot defraud either him. or the interest he represents, and of right the deed ought to have all the effect that these facts give to it. If such facts do not exist, the deed casts no shadow upon the orator’s rights, for it is entirely independent of his color of title, which is all he has of record, and entirely independent of the proof of the facts upon which he rests his rights.
Whether the orator has possession and is entitled to maintain it against all others or not, the deed did not convey, nor purport to convey, to the defendants any right or interest that appertained of right to the orator, and if it did convey any right or interest in the land to them, it is theirs and not his, and he has no right to have them compelled to give it up to him.
As this case is presented here, the rights of these parties as against each other cannot be determined by the trial of any question of fact growing out of the obtaining of the deed by the defendants, or of any use attempted to be made of it by them, but only by the trial of disputed questions of fact that arise from transactions not in any way connected with the deed. There are cases where it is within the power and where it may be the duty of a court of equity to require a conveyance to be made, or an instrument of title to be delivered up to bo cancelled in order to remove a cloud which a fraudulent or unlawful use of an apparently legal title or instrument would create; but without undertaking to point out the cases in which a proceeding in equity would be sustained for such a purpose, it is sufficient for present purposes to say that this case under its circumstances is not a proper *124 one for such relief. And farther, tho relief in such cases is granted not as a matter of right that the party seeking it has, but as a matter of discretion that the court may or may not exercise as appears fit, and upon that ground, in a case circumstanced as this is, it would seem fit that the parties should be left to try the facts by jury, as such questions are usually tried.
The decree of the court of chancery is reversed and the cause is remanded, with directions to dismiss the orator’s bill with costs, but without prejudice to the orator’s rights in any proceeding at law.